IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MONTE L. HANEY,

      Plaintiff,                    No. 2:11-cv-2196 JAM EFB P

      vs.

T. WOODS,

      Defendant.            <u>ORDER</u>

                                 /

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On December 21, 2012, and on January 4, 2013, plaintiff filed requests for injunctive relief, claiming he had been prevented from filing a motion to compel because he did not have access to a copy machine. Dckt. Nos. 22, 23. Those motions now appear to be moot, because on January 4, 2013, plaintiff filed a motion to compel. Dckt. No. 24. On January 25, 2013, defendant opposed the motion to compel and on February 4, 2013, defendant filed a reply. Dckt. Nos. 25, 26.[1]

////

---

[1] On February 11, 2013, defendant filed a motion to compel and for sanctions. Dckt. No. 24. On February 25, 2013, defendant filed a motion to stay the motion to compel and to withdraw the request for sanctions. Dckt. No. 29. Good cause appearing, defendant's February 25, 2013 request is granted.

1

This action proceeds on plaintiff's First Amendment claims against defendant Woods for Woods' alleged retaliation and refusal to send out plaintiff's mail. In his motion to compel, plaintiff seeks responses to his requests for production number 4, and to interrogatories numbers 11 and 21.

Information is relevant for purposes of discovery if "it is reasonably calculated to lead to the discovery of admissible evidence." *Id.* Relevant information encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978). Because discovery is designed to define and clarify the issues in the case, it is not limited to the precise issues raised in the pleadings. *Id.* at 350-51. "The question of relevancy should be construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (quoting *Miller v. Panuci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992)). The court may limit discovery if it determines the discovery sought is unreasonably cumulative or obtainable from a more convenient or less expensive source, the party seeking discovery had ample opportunity to obtain the information sought, or the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2).

A motion to compel is appropriate where a party fails to produce relevant, non-privileged documents requested pursuant to Rule 34. Fed. R. Civ. P. 37(a)(3). If a party, in response to a request for production under Rule 34, fails to produce or permit inspection, the discovering party may move for an order compelling production. *Id.* An evasive or incomplete answer or response to a discovery request "must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P 37(a)(4). The party seeking the motion to compel discovery has the burden of informing the court why the defendants' objections are not justified or why the defendants' responses are deficient.

////

Rule 33(b) provides that the party responding to an interrogatory must answer by stating the appropriate objection(s) with specificity or by "answer[ing] separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3), (4). Rule 37(a) provides that the interrogating party may move to compel an answer when a party fails to answer an interrogatory, or when the answer provided is evasive or incomplete. Fed. R. Civ. P. 37(a)(3)(B)(iii), (a)(4).

Plaintiff's request for production number 4 states: "Provide Plaintiff with a complete copy of your disciplinary and citizen's complaint file during the complete time you have been employed for [CDCR]." A reasonable interpretation of plaintiff's request is that he seeks documentation of any complaints, investigations, and/or disciplinary actions taken against defendant. Plaintiff's request is not limited in time or subject matter, and for those reasons, is overly broad. In his reply, however, plaintiff narrows his request to complaints or investigations involving defendant between the years of 2009 to 2013.

Defendant objects to the request as seeking information that is privileged and/or private. However, defendant does not adequately explain how the requested information would implicate privacy rights or is privileged. Documents that are a part of the personnel records of officers defending civil rights actions, while containing sensitive information, are within the scope of discovery. *Soto v. City of Concord*, 162 F.R.D. 603, 614-15 (N.D. Cal. 1995); *Hampton v. City of San Diego*, 147 F.R.D. 227, 230-31 (S.D. Cal. 1993); *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992). Whether personnel files are privileged depends upon the balance of "potential benefits of disclosure against potential disadvantages; if the latter is greater, the official information privilege may bar discovery." *Miller*, 141 F.R.D. at 299. Because "privileges operate in derogation of the truth finding process[,] the law places the burden of proving all elements essential to invoking any privilege on the party seeking its benefits." *Kelly v. City of San Jose*, 114 F.R.D. 653, 662 (N.D. Cal. 1987); Fed. R. Civ. P. 26(b)(5). To invoke the official information privilege the party opposing discovery must, in addition to a privilege log, submit an affidavit from an official of the agency in control of the materials. *See Kelly*, 114 F.R.D. at 670.

3

This provides the court with the information it needs to determine whether the requested disclosure is proper. Here, defendant has not met this burden.

In this action, documents pertaining to complaints, investigations, and/or disciplinary actions taken against defendant between the years of 2009 to 2013, for alleged conduct that is similar to that alleged in plaintiff's complaint, are reasonably calculated to lead to admissible evidence in support of plaintiff's claims. Accordingly, plaintiff's motion to compel a response to request for production number 4 is granted, as set forth below.

Plaintiff's interrogatory number 11 states: "Did you review me for any administrative Appeal while I was housed at B-facility CSP Sacramento from July 2009 to March 2011." Defendant objected to this request as vague as to the terms "review me," and as irrelevant or not reasonably calculated to lead to admissible evidence. Because the meaning and relevance of interrogatory number 11 is unclear, defendant's objections are sustained and plaintiff's motion to compel is denied as to this request.

Plaintiff's interrogatory number 21 states: "How come you never reviewed any of my Administrative appeals prior to this lawsuit being filed against you?" Defendant objected to this request as lacking foundation, vague as to time, vague as to the term "reviewed," and not reasonably calculated to lead to admissible evidence. Defendant's objections are sustained and plaintiff's motion to compel is denied as to this request.

Accordingly, it is ORDERED that:

1. Plaintiff's requests for injunctive relief (Dckt. Nos. 22, 23) are denied as moot.

2. Plaintiff's motion to compel (Dckt. No. 24) is granted to the extent that, within 21 days of the date of this order, defendant shall produce relevant documents, including documents from personnel files, concerning complaints, investigations and/or disciplinary actions based on defendant's alleged retaliation and/or interference with inmate mail from 2009 to the present. To the extent such information implicates privacy rights, defendant may redact identifying personal information from responsive documents.

3. Defendant's motion to stay and to withdraw his request for sanctions (Dckt. No. 29) is granted. The Clerk of the Court shall administratively terminate Docket Number 27. Within 21 days of the date of this order, defendant shall submit a status report addressing whether counsel wishes to renew the motion to compel, or whether discovery has been completed.

Dated: March 7, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE