UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE L. HANEY,<br><br>                Plaintiff,<br><br>        v.<br><br>T. WOODS,<br><br>                Defendant. | No. 2:11-cv-2196-JAM-EFB P<br><br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He claims that defendant Woods violated his First Amendment rights by failing, on two occasions, to mail to the court his application to proceed in forma pauperis ("IFP"). Defendant Woods moves for summary judgment. ECF No. 32. For the reasons stated below, defendant's motion must be granted.

**I.    Background**

Since 2009, plaintiff has been housed at California State Prison, Sacramento ("CSP-Sac"). *See* ECF No. 13 ("Compl.")[1]; ECF No. 32-3, Ex. B ("Pl.'s Dep.") at 7:3-8. During a portion of this time, defendant Woods was assigned as plaintiff's Correctional Counselor. ECF No. 32-3, Ex. C ("Woods Decl.") ¶¶ 1-2.

---

[1] Plaintiff's complaint is signed under penalty of perjury.

1

A brief review of how an inmate must seek leave to proceed IFP is appropriate. To obtain IFP status in the U.S. District Court for the Eastern District of California, incarcerated pro se plaintiffs must submit an application and a certified copy of their prison trust account statement. *See* 28 U.S.C. § 1915(a)(1)-(2); E.D. Cal Pro Se Package, Attach. 4 (Application to Proceed Without Prepayment of Fees). CSP-Sac has developed a procedure for gathering these application materials, while ensuring that inmates do not handle the certified copy of the trust account statement. ECF No. 32-3, Ex. D (CSP-Sac Operations Procedure 14010.19.1). First, the inmate submits a form to the Trust Account Office. *Id.* The Office then prepares the certified statement and forwards it to the Litigation Office, where it is received and logged. *Id.* The Litigation Office then forwards the certified statement to the inmate's assigned Correctional Counselor. *Id.* The Correctional Counselor notifies the inmate that the certified statement is ready and directs the inmate to bring the IFP application to the Counselor's Office with an envelope addressed to the correct court. *Id.* In the Counselor's Office, the Counselor receives the application from the inmate, places the certified trust account statement in the envelope, and allows the inmate to seal the envelope. *Id.* The Counselor then signs and initials the back of the envelope and delivers it to the mailroom for processing. *Id.*

On May 20, 2010, plaintiff filed a lawsuit in the U.S. District Court for the Eastern District of California, *Haney v. Hernandez*, Case No. 1:10-cv-00903. ECF No. 32-3, Ex. E ("*Hernandez* Docket"), No. 1.[2] On June 7, 2010, the *Hernandez* court ordered plaintiff to submit a complete IFP application. *Id.*

On June 29, 2010, Correctional Counselor Woods called plaintiff into his office to process his request to mail his IFP application. Woods Decl. ¶ 3. Woods placed the certified copy of the trust account statement he received from the Litigation Office into an envelope plaintiff provided containing his IFP application. *Id.* Plaintiff addressed and sealed the envelope, and Woods signed and initialed the back of the envelope. *Id.* The parties dispute what happened next.

---

[2] Plaintiff initially filed the action in the Fresno division of the court. *Hernandez* Docket No. 1. The case was transferred to the Sacramento division on May 28, 2010, and transferred back to Fresno on November 16, 2010. *Id.*, Nos. 3, 17.

1  Plaintiff claims that Woods told him he did not like him because he had filed lawsuits against
2  CDCR staff, and said that he would not deliver plaintiff's IFP application for mailing.  Compl.
3  ¶¶ 2, 12.  Woods, however, claims he took the envelope to the CSP-Sac Mailroom and delivered
4  it for mailing. Woods Decl. ¶ 4.  Mail records reflect that on June 29, 2010, Woods delivered
5  plaintiff's IFP application to the mailroom and that it was received by mailroom staff.  ECF No.
6  32-3, Ex. F (Wolff Decl.) ¶ 3, Attach. 1.  Mail records also reflect that on June 30, 2010,
7  plaintiff's mail was sent to the U.S. District Court for the Eastern District of California.  *Id.*, ¶ 4,
8  Attach. 2.
9        The *Hernandez* court never received plaintiff's June 2010 IFP application and on August
10 23, 2010, granted plaintiff an additional thirty days to submit his application.  *Hernandez* Docket
11 No. 12.  On September 8, 2010, plaintiff submitted a letter to the court, stating that his counselor
12 had resubmitted another IFP application.  *Id.*, No. 13.  Plaintiff alleges, however, that Woods also
13 failed to deliver this IFP application for mailing. Compl. ¶¶ 5-7, 11.
14       On October 5, 2010, the *Hernandez* court issued another order, indicating that it had not
15 received plaintiff's IFP application.  *Id.*, No. 14.  On October 12, 2010, however, the *Hernandez*
16 court received plaintiff's IFP application, which had been mailed from CSP-Sac on or around
17 September 9, 2010.  *Id.*, No. 15.  On November 19, 2010, the *Hernandez* court granted plaintiff's
18 IFP application.  *Id.*, No. 19.
19       Plaintiff claims that defendant Woods violated his First Amendment rights by failing to
20 mail his IFP applications in June and September of 2010.  *See* Compl.  Woods moves for
21 summary judgment.   ECF No. 32.  Plaintiff opposes the motion.  ECF No. 34.
22 **II.    Summary Judgment Standard**
23       Summary judgment is appropriate when there is "no genuine dispute as to any material
24 fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Summary
25 judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant
26 to the determination of the issues in the case, or in which there is insufficient evidence for a jury
27 to determine those facts in favor of the nonmovant.  *Crawford-El v. Britton*, 523 U.S. 574, 600
28 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v.*

1  *U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994).  At bottom, a summary judgment
2  motion asks whether the evidence presents a sufficient disagreement to require submission to a
3  jury.

4        The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims
5  or defenses.  *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Thus, the rule functions to
6  "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for
7  trial.'"  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)
8  (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).  Procedurally,
9  under summary judgment practice, the moving party bears the initial responsibility of presenting
10 the basis for its motion and identifying those portions of the record, together with affidavits, if
11 any, that it believes demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477
12 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).  If the moving
13 party meets its burden with a properly supported motion, the burden then shifts to the opposing
14 party to present specific facts that show there is a genuine issue for trial.  Fed. R. Civ. P. 56(e);
15 *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

16       A clear focus on where the burden of proof lies as to the factual issue in question is crucial
17 to summary judgment procedures.  Depending on which party bears that burden, the party seeking
18 summary judgment does not necessarily need to submit any evidence of its own.  When the
19 opposing party would have the burden of proof on a dispositive issue at trial, the moving party
20 need not produce evidence which negates the opponent's claim.  *See*, *e.g.*, *Lujan v. National*
21 *Wildlife Fed'n*, 497 U.S. 871, 885 (1990).  Rather, the moving party need only point to matters
22 which demonstrate the absence of a genuine material factual issue.  *See Celotex*, 477 U.S. at 323-
23 24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a
24 summary judgment motion may properly be made in reliance solely on the 'pleadings,
25 depositions, answers to interrogatories, and admissions on file.'").  Indeed, summary judgment
26 should be entered, after adequate time for discovery and upon motion, against a party who fails to
27 make a showing sufficient to establish the existence of an element essential to that party's case,
28 and on which that party will bear the burden of proof at trial.  *See id.* at 322.  In such a

circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment . . . is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id.* If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See id.* at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J.,

dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted); *Celotex*, 477 U.S. at 323 (if the evidence presented and any reasonable inferences that might be drawn from it could not support a judgment in favor of the opposing party, there is no genuine issue). Thus, Rule 56 serves to screen cases lacking any genuine dispute over an issue that is determinative of the outcome of the case.

Defendant's motion for summary judgment included a notice to plaintiff informing him of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

**III.   Discussion**

Prisoners enjoy a First Amendment right to send and receive mail and to petition the government for redress of grievances. *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989); *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996); *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995). Prisoners also enjoy a First Amendment right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). To establish a violation of this right, a plaintiff must show that defendant's conduct caused actual injury to a non-frivolous legal claim. *Lewis v. Casey*, 518 U.S. 343, 348-53 (1996). That is, plaintiff must show that the defendant's conduct hindered his efforts to bring, or caused him to lose, an actionable claim challenging his criminal sentence or conditions of confinement. *See id.* at 351; *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002). To prove a First Amendment retaliation claim, a prisoner must demonstrate that the defendant took some "adverse action" against him because of his protected conduct, and that such action chilled the exercise of his First Amendment rights. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). He must also show that the action did not reasonably advance a legitimate correctional goal. *Id.*

6

Plaintiff's First Amendment claims are premised on his allegations that Woods confiscated or mishandled his June and September 2010 IFP applications. However, plaintiff's claims are contradicted by the evidence. Without evidence showing that Woods mishandled his IFP applications, plaintiff cannot show that Woods interfered with his First Amendment rights to send mail, to access the courts, or to be free from retaliatory adverse actions.

The parties dispute whether Woods made the statement that he would not mail the application. However, regardless of what Woods may have said to plaintiff on June 29, 2010 regarding whether or not he would process plaintiff's request for mailing the IFP application, mail records reflect that Woods submitted the application to the mailroom as required by CSP-Sac's IFP protocols. There is no evidence that Woods had any control over what happened to the IFP application after it was received by the mailroom. Plaintiff insists that Woods be held liable solely because the application never made it to the court. ECF No. 34 at 4; Pl.'s Dep. at 19:2-21, 23:11-17, 24:5-13, pp. 26-27. This is not a proper basis for liability, however, as it fails to demonstrate that Woods engaged in any wrongdoing that caused the mail not to be delivered. There are other possible explanations for why the application did not make it the court. For example, it could have been lost in the mail or misdirected at the courthouse. Plaintiff's speculation that Woods was in some way responsible for his application not being delivered to the court is not enough to create a genuine dispute for trial on his First Amendment claims.

Plaintiff's allegation that Woods mishandled the September 2010 application is also not supported by any evidence. The *Hernandez* court received an IFP application from plaintiff indicating it was mailed from CSP-Sac on or around September 9, 2010. For reasons unknown, the court did not receive the application until October 12, 2010. Plaintiff fails to produce any evidence showing that the delay was in any way attributable to Woods, or that Woods otherwise mishandled this second IFP application.

Absent evidence that Woods mishandled plaintiff's IFP applications, there is no triable issue regarding plaintiff's First Amendment claims.

/////

/////

1     Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion for summary judgment (ECF No. 32) be granted and the Clerk of the Court be directed to close the case.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 10, 2014.

EDMUND F. BRENNAN  
UNITED STATES MAGISTRATE JUDGE